IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| WARREN SCOTT TAYLOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 5:12cv00006 |
| v. ) | |
| ) | |
| ROBERT F. MCDONNELL, ) | By: Michael F. Urbanski |
| Governor of the Commonwealth of Virginia, ) | United States District Judge |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

Plaintiff Warren Scott Taylor ("Taylor"), proceeding pro se and in forma pauperis, filed the instant complaint pursuant to 42 U.S.C. § 1983 on January 20, 2012. Taylor alleges that defendant Robert F. McDonnell, Governor of the Commonwealth of Virginia, violated Taylor's constitutional rights by denying his petition for clemency for two prior driving under the influence ("DUI") convictions in 1995 and 2001. For the reasons set forth below, the court will **DISMISS** Taylor's complaint with prejudice.[1]

### I.

In his complaint, plaintiff alleges that defendant violated his constitutional rights by denying him an "absolute pardon" for his November 2, 1995 and June 26, 2001 DUI convictions. Compl., Dkt. #2, at 1-2. In 1995, Taylor was charged with DUI, a subsequent offense, in violation of Virginia Code § 18.2-266, and with refusal to submit a breath or blood sample in violation of Virginia Code § 18.2-268.2. Taylor claims he pled not guilty to the latter charge,

---

[1] As such, the Order referring this case to United States Magistrate Judge B. Waugh Crigler entered February 14, 2012 is hereby **VACATED as moot.**

which ultimately was dismissed.² Compl., Dkt. #2, at 3. Taylor further claims that he entered "a prank involuntary plea of guilty" to the DUI charge. Id. Taylor alleges that he was illegally convicted of DUI because his "innocence of DUI was proven at the time plaintiff's innocence of the refusal charge was proven and the outcome of the refusal charge is suppose[d] to be the outcome for the DUI charge." Id. Taylor asserts that he is entitled to an absolute pardon for this DUI conviction. Later, in 2001, Taylor was convicted of felony DUI, it being his third offense within ten years, in violation of Virginia Code §§ 18.2-266, -270(C). Taylor argues this conviction was predicated upon his "void 1995 conviction" and that he has a right to an absolute pardon for this conviction as well. Id. at 4. In addition to clemency, plaintiff wants $500,000 in damages. Id. at 2.

A few months ago, Taylor filed a similar complaint against the defendant raising the same claims and seeking the same relief. See Taylor v. McDonnell, No. 5:11cv00097 (W.D. Va. Oct. 4, 2011). In that complaint, plaintiff alleged that he should have been found innocent of the 1995 DUI conviction, which gave rise to his felony DUI conviction in 2001, and argued that he is entitled to an absolute pardon for both convictions. He also sought $500,000 in damages. The court granted plaintiff leave to proceed in forma pauperis in this previous case but dismissed the complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for Taylor's failure to state a claim upon which relief could be granted. Taylor, No. 5:11cv00097 (W.D. Va. Oct. 17, 2011) (memorandum opinion and order dismissing case). The court found that plaintiff has no constitutionally protected interest in clemency and the Governor's denial of Taylor's petition is not subject to judicial review. Id. at 3. Taylor did not appeal this decision.

---

² It is unclear from the records attached to Taylor's complaint whether this charge was nolle prossed on motion of the Commonwealth or dismissed following trial. Taylor claims that the outcome of the trial on the refusal charge "was a nolle prosecution which is now a dismissal and that was not on the grounds of a plea agreement." Compl., Dkt. #2, at 3.

2

## II.

Pursuant to 28 U.S.C. § 1915, which governs in forma pauperis proceedings, a court shall dismiss a complaint "at any time" if it "fails to state a claim on which relief may be granted. . . ." Id. at § 1915(e)(2)(B)(ii). With respect to in forma pauperis proceedings generally:

> [T]his [c]ourt is "charged with the unusual duty of independently screening initial filings, and dismissing those actions that plainly lack merit." Eriline Co. S.A. v. Johnson, 440 F.3d 648, 656 (4th Cir. 2006). It "must dismiss an action that the court finds to be frivolous or malicious or that fails to state a claim." Michau v. Charleston County, 434 F.3d 725, 728 (4th Cir. 2006); see also Darocha v. Guilliams, No. 7:09-cv-00183, 2009 WL 1382287, at *1 (W.D. Va. May 15, 2009) (same). Of particular importance to this case, "in forma pauperis proceedings, like . . . res judicata, implicate important judicial and public concerns" not usually present in civil litigation. Eriline, 440 F.3d at 656.

Smith v. McClure, No. 6:10cv00022, 2010 WL 2326536, at *2 (W.D. Va. June 8, 2010), aff'd, 396 F. App'x 961 (4th Cir. 2010), cert. denied, 131 S. Ct. 1493 (2011).

"The standard by which the [c]ourt determines whether to dismiss an action under 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that under Rule 12(b)(6) of the Federal Rules of Civil Procedure." Id. at *2 (citing Newsome v. E.E.O.C., 301 F.3d 227, 231 (5th Cir. 2002) and Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000)). To survive a 12(b)(6) motion to dismiss, a complaint must plead enough facts to "'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, ___, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 570).

3

**III.**

The instant complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for two reasons. The first is res judicata. The doctrine of res judicata, or claim preclusion, bars "'repetitious suits involving the same cause of action' once 'a court of competent jurisdiction has entered a final judgment on the merits.'" United States v. Tohono O'Odham Nation, ___ U.S. ___, 131 S. Ct. 1723, 1730 (2011) (quoting Commissioner v. Sunnen, 333 U.S. 591, 597 (1948)). The purpose of this doctrine is to "'relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication.'" Smith, 2010 WL 23265366, at *3 (quoting Bouchat v. Bon-Ton Dep't Stores, Inc., 506 F.3d 315, 326 (4th Cir. 2007)).

The Fourth Circuit has articulated three elements that must be present for res judicata to prevent a party from raising a claim: "(1) a judgment on the merits in a prior suit resolving (2) claims by the same parties or their privies, and (3) a subsequent suit based on the same cause of action." Ohio Valley Envtl. Coalition v. Aracoma Coal Co., 556 F.3d 177, 210 (4th Cir. 2009) (quoting Aliff v. Joy Mfg. Co., 914 F.2d 39, 42 (4th Cir. 1990)). In this case, the court dismissed a similar suit brought by Taylor against McDonnell in October 2011 for its failure to state a claim upon which relief could be granted. That suit involved exactly the same parties and exactly the same claims as the instant complaint. If Taylor disagreed with the court's ruling in his prior case, the proper course of action would have been for him to appeal the decision. See Smith, 2010 WL 23265366, at *3. "He may not get the proverbial second bite at the apple by filing an identical suit" a few months later. Id. Therefore, this case must be dismissed under the doctrine of res judicata.

4

Additionally, this case must be dismissed for the same reasons set forth in the court's October 14, 2011 opinion in Taylor's prior case, No. 5:11cv00097. Under Virginia law, the Governor has the sole discretion to grant requests for pardon and reprieve. <u>See</u> Va. Const. art. 5, § 12; Va. Code Ann. § 53.1-229. Clemency "is an executive remedy exclusively that of the Commonwealth of Virginia and is not subject to judicial review by a federal court." <u>Graham v. Angelone</u>, 73 F. Supp. 2d 629, 631 (E.D. Va. 1999); <u>see also</u> <u>Ohio Adult Parole Auth. v. Woodward</u>, 523 U.S. 272 (1998) (holding that clemency decisions are generally not entitled to judicial review and that the clemency procedures at issue did not violate the Due Process Clause); <u>Conn. Bd. of Pardons v. Dumschat</u>, 452 U.S. 458 (1981) (holding that there is no constitutionally protected interest in clemency).

## IV.

For these reasons, the complaint in this case must be **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Taylor's § 1983 claim that he is entitled to absolute pardon for his 1995 and 2001 DUI convictions is barred by res judicata, and his complaint in this case does not allege facts sufficient to "state a claim to relief that is plausible on its face." <u>Iqbal</u>, 556 U.S. at __, 129 S. Ct. at 1949 (quoting <u>Bell Atl.</u>, 550 U.S. at 570).

An appropriate Order will be entered.

The Clerk is directed to send a certified copy of this Memorandum Opinion and accompanying Order to the plaintiff and to counsel of record.

    Entered: February 15, 2012

    */s/ Michael F. Urbanski*

    Michael F. Urbanski
    United States District Judge

5

Case 5:12-cv-00006-MFU   Document 7   Filed 02/15/12   Page 5 of 5   Pageid#: 47